OPINION OF THE COURT
Anthony J. Falanga, J.
Plaintiff wife moves for an order authorizing the release of a transcript of an in camera interview of one of the parties’ children, which was held in a Family Court proceeding before Honorable Julianne S. Eisman. Plaintiff requests that this court review such transcript and utilize that prior interview in *776 lieu of conducting its own in camera meeting with the child, asserting that the said child is currently confined in psychiatric treatment at a facility in Connecticut and that any further court appearance would be harmful to the child. The child is a daughter, K., who is currently 15 years of age. It is alleged that the underlying basis for her illness is that she was sexually abused by her father, the defendant herein. The child is said to be suicidal and in danger of doing great harm to herself.
It appears that this matter involves an issue of first impression, since this court is not aware of any precedent wherein an in camera interview of a child has been utilized in a new or subsequent proceeding, to avoid a second appearance by such child.
It appears that the allegations of sexual abuse have already been dealt with in both the Family Court (a neglect proceeding) and the District Court (criminal charges). The stated purpose of bringing the circumstances of the alleged sexual abuse before this court in this divorce case is an attempt by plaintiff to establish egregious conduct as a possible impact upon equitable distribution (see, Blickstein v Blickstein, 99 AD2d 287, appeal dismissed 62 NY2d 802).
Also before the court is a motion by defendant husband/ father seeking supervised visitation with the parties’ four children: K., the oldest, a second daughter now age 13, and two sons, 11 and 8. It is also requested that this court order visitation for the paternal grandparents. In addition, defendant’s attorney seeks access to the medical and psychological records of K. with respect to both her treatment at her current and prior residential facilities stating that such discovery is necessary to determine whether or not any “exculpatory” material is contained therein, pertaining to the said Blickstein equitable distribution issue.
Concerning that branch of defendant’s motion for supervised visitation, a previous application for the same relief was denied by order of this court (Honorable Anthony L. Parga) dated November 17, 1999, in which the court stated that defendant had not complied with a forensic evaluator’s recommendation for therapy, as well as the fact that criminal proceedings were still pending at that time. Orders of protection had previously been issued in both Family Court and District Court, where this defendant husband pleaded guilty to two charges, one a violation of harassment and the other a class B misdemeanor, in satisfaction of four original dockets. These guilty pleas resulted from plea bargaining and, it appears, neither plea involved a crime of sexual assault.
*777 The motion papers herein indicate that the neglect proceeding is still pending before Honorable Julianne S. Eisman in Family Court. Also, while defendant’s affidavit makes no reference to his undergoing therapy at this time, his attorney’s affirmation states that he attends weekly sessions, as arranged by the Probation Department, with a Dr. Monty Weinstein.
The Law Guardian in this case, who has also served in that capacity in the Family Court, joins in the plaintiffs application for this court’s use of the prior in camera interview conducted by Judge Eisman, agreeing that an additional court appearance would be harmful to this already troubled young lady. He was present during the Family Court in camera interview and urges this court to grant such motion, based upon the principle which he cites that: “Whenever the rights of a child are implicated in a lawsuit, the paramount consideration is the welfare and best interest of that child” (citing Eschbach v Eschbach, 56 NY2d 167) “and not the asserted rights of the parent” (citing Weiss v Weiss, 52 NY2d 170; Allen v Farrow, 215 AD2d 137).
Defendant’s attorney argues that this court’s review of the Family Court’s in camera interview with K. would be prejudicial to her client in that, she believes, it is offered for the sole purpose of prejudicing the court and that such allegations have already been dealt with by the Family Court and/or in the District Court criminal proceedings. Such argument is not material to this court’s consideration of the request being made herein as to a Blickstein application alleging egregious conduct as affecting equitable distribution. The best interest of the child is paramount in any event.
Plaintiffs counsel advises that, as part of such in camera interview of K., counsel for both parties were permitted to submit proposed questions to Judge Eisman, but that only the Law Guardian was present with the Judge during such interview. That same procedure has been followed by this court in similar cases.
Based upon all of the foregoing, it is the opinion and determination of this court that the in camera interview conducted by Honorable Julianne S. Eisman should be reviewed by this court, rather than subject this child to an additional court appearance. Following its review of such transcript, this court will rule on the issue as to whether or not such testimony is relevant and/or admissible in this divorce trial as to a Blickstein issue of egregious conduct. This court finds no prejudice that would result to either party by a review of such transcript *778 and agrees that it would be inappropriate, under all the circumstances of this case, to put this troubled child through the emotional stress of another court appearance. Accordingly, it is hereby ordered that the Clerk of the Family Court of Nassau County, upon being served with a copy of this order by plaintiff’s counsel, shall forthwith transmit the transcript of the in camera interview of K.D. conducted by Honorable Julianne S. Eisman on April 12 and 13, 2000, under that court’s docket No. N-99-8, in a sealed envelope, to the undersigned at Part 32 in the Matrimonial Center, 400 County Seat Drive, Mineóla, New York 11501.
With respect to defendant’s application for supervised visitation, he advises the court that he has attended the course of therapy as required by Probation and he claims that his children wish to visit with him. He claims that he has been communicating with the children, or some of them, by writing transmitted via the Law Guardian, which the Law Guardian (Alfred Reinharz, Esq.) confirms. Mr. Reinharz advises the court that he does not oppose supervised visitation with the two youngest children (both boys), but that both of the daughters vehemently oppose any visitation with their father. Mr. Reinharz also submits a copy of a letter sent to Dr. Monty Weinstein seeking a status report, dated November 1, 2000, but claims that he has not received a reply.
Defendant has submitted an affidavit wherein he denies ever sexually assaulting or molesting any of his children. He claims that his wife was/is engaged in an extramarital affair with his brother and that the sexual allegations were made up because he had indicated he wanted custody of the children. However, all of the circumstances as hereinabove recited appear to indicate to the contrary. In fact, plaintiff’s affidavit in opposition to the motion for visitation claims that defendant was caught entering into plaintiff’s second floor bedroom via a window, in violation of an order of protection whereupon he engaged in certain sexual behavior including acts of self-gratification. As a result of the violation of the order of protection, Judge Eisman sentenced him to a six-month period of incarceration.
In view of the fact that there is an ongoing neglect proceeding before Judge Eisman, who obviously has dealt with this family and all the relevant issues at length, she would be in the best position to evaluate and balance the parental visitation rights of the father with any potential danger, real or perceived, to the children. Accordingly, this court will decline *779 to grant defendant’s motion for visitation, with leave to renew such application before Judge Eisman in Family Court.
With respect to defendant’s application for visitation by the paternal grandparents, the court notes that no such application has been made by such grandparents themselves, and, thus, that branch of defendant’s motion is denied.
Turning to that branch of defendant’s motion which seeks an inspection of the medical and/or psychological records of K., the court must consider the confidentiality required by Mental Hygiene Law § 33.14 (b) (2) and the defendant’s right to discovery of evidence which might pertain to, or exculpate, plaintiffs claims of egregious conduct. Accordingly, balancing such interests as is required by the statute, this court will obtain and review such records in camera and will determine whether or not there is any such exculpatory or relevant information therein with respect to any Blickstein application. Accordingly, it is hereby ordered that the Law Guardian, Alfred Reinharz, Esq., shall prepare appropriate subpoenas for the records of K. at both Harmony Heights and Wellspring Foundation Center, to be forthwith transmitted to this court in a sealed envelope for an in camera interview, in Part 32 at the Matrimonial Center, 400 County Seat Drive, Mineóla, New York 11501, and such subpoenas are to be “so ordered” by this court and served by or at the direction of said Law Guardian, Alfred Reinharz, Esq.
Lastly, the said Law Guardian has submitted a motion for payment of his interim fees of $3,950 (as of Sept. 5, 2000) to be paid by the defendant husband. Mr. Reinharz had submitted his billings, which have been reviewed by the court and found to be reasonable; and the services therein described were necessary in the performance of his duties. He indicates that his fees are payable, pursuant to an order of the court, one third by plaintiff wife and two thirds by defendant husband. The Law Guardian’s application only mentions the amount due from defendant husband, indicating that payment arrangements have been made by the wife. Accordingly, it is hereby ordered that defendant D.J.D. shall pay the Law Guardian the sum of $3,950, less any credits due for payments on account, if any, within 15 days from the date of this decision/order.